PER CURIAM:
|, Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We attach hereto and make a part hereof the district court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state *848 court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully .litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
[[Image here]]
*849 [[Image here]]
JUDGMENT
The defendant, Anthony Farrier, hereinafter referred to as Petitioner, has filed with this Court a Petition for Post-Conviction Relief on or about July 16, 2015, It is the ruling
of this Court that Petitioner’s application is hereby denied.
Petitioner was charged with one count of Aggravated Rape in violation of La, Rev. Stat. Ann. art, §14:42. On January 6,2014, the State amended the charge to one count of Sexual Battery in violation of La, Rev. Stat, Ann. art, §14:43,1 (C)(l). On January 9,
2014, the State amended the charge again to reflect one count of Sexual Battery with a victim under thirteen in violation of'La. Rev. Stat. Ann. art. §14:43,1(C)(2)[1]; Petitioner was found guilty by a jury of the amended charge. On February 10,2014, Petitioner was sentenced to seventy-five (75) years in the Department of Corrections at hard labor. The first twenty-five (25) years were to be served without the benefit of probation, paroie or suspension of sentence.- Petitioner was given credit for time served and this sentence was to run concurrent with any other sentences he is serving.
In Petitioner’s application he alleges ineffective assistance of counsel when his attorney failed to: (1) request a continuance after the State’s amendment of the charges the day before trial; (2) object to the State’s expert vouching for credibility of the witness; (3) conduct adequate investigation prior to trial; and (4) object to prosecutor’s improper comments during closing arguments.
First, Petitioner asserts that counsel was ineffective for failing to request a continuance after the State amended the charges the day before trial. However, this assertion is without merit in that the charge was amended from one sex offense to another; the. State did not amend the charge to reflect a different type of offense as to put *850 a burden on counsel or take counsel by surprise. The factual basis for the amended charge remained the same and counsel was fully prepared to try the case as counsel -was aware that the State -would be amending the charge prior to the actual amendment.
Second, Petitioner asserts that counsel failed to object to the State's expert—Anne Troy—vouching for the credibility of the witness. Petitioner asserts that Ms. Troy testified about whether her findings were consistent with the victim’s version of the story and that counsel was ineffective for failing to object to this type testimony. Pursuant to Code of Evidenoe article 702 an expert is allowed to testify in the form of opinion testimony. Article 704 further provides that "testimony in the form of on opinion or inference otherwise admissible is not to be excluded solely because it embraces an ultimate issue to be decided by the trier of fact. However, in .a criminal case, an expert witness shall not express an opinion as to the guiit or innocence of the accused”. In diis matter, Ms. Troy did not testify concerning Petitioner’s guilt or Innocence. Site presented her expert testimony concerning her Findings in tliis matter. As a result, there wás no objectionable testimony and counsel’s failure to object was not ineffective.
Moreover, Petitioner asserts that counsel was ineffective for failing conduct an adequate investigation prior to trial concerning the jail tapes that were presented in the trial. Specifically, Petitioner asserts that had counsel reviewed the tapes, she would have been able to present a defense concerning the admissibility and contents of the tape, However, this issue was fully litigated on appeal and will not be considered. The Louisiana Code of Criminal Procedure provides that “unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered”. La. Code Crim. Pro. art. 930.4(A). S<¡sState v. Farrier, 162 So.3d 1233, 1246 (La.App. 4 Cir. 3/23/15).
Finally, as the Court instructed the jury, closing arguments were not considered as evidence in this matter. As a result, counsel's failure to objeot to what Petitioner deems to be inappropriate does not render counsel ineffective. In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court held that [he “benchmark forjudging *851 any claim of ineffectiveness must be -whether counsel's conduct so undermined the proper functioning of the adversarial process that tire trial cannot be relied on as having produced a just result”, id. at 669. In particular, the defendant must show that his representation fell below an objective standard of reasonableness and that but for counsel’s errors, the result(s) of'the trial would have been different. Id. See also State v. Skipper, 101 So.3d 537, 542 (La. App. 4 Cir. 10/10/12), State v. Cavazos, 2011-0733, p. 19 (La. App. 4 Cir. 5/16/12), 94 So.3d 870, 883, In the instant application, Petitioner fails to meet this burden.
THEREFORE, IT IS THE JUDGMENT OF THIS COURT that the Petition for Post-Conviction Relief is without merit and is hereby denied.
New Orleans, Louisiana, this the ,^/jpJday of August 2015.
[[Image here]]

 Jury selection began on January 7, 2014, Opening statements began on January 8,2014